**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CONNIE CARROLL,<br><br>        Plaintiff,<br><br>vs.<br><br>INDUSTRIAL SUPPLY CO., *et al.*,<br><br>        Defendants. | 2:18-cv-00204-RFB-VCF<br>**ORDER**<br><br>MOTION TO ENFORCE EARLY NEUTRAL EVALUATION SETTLEMENT AGREEMENT [ECF NO. 13] |

Before the Court are two related motions in separate cases: (1) Defendant Clearwater Paper Corporation's Motion to Enforce Early Neutral Evaluation Settlement Agreement, ECF No. 37 in 2:17-cv-01688-APG-VCF, and (2) Defendant Industrial Supply Co.'s Motion to Enforce Early Neutral Evaluation Settlement Agreement, ECF No. 13 in 2:18-cv-00204-RFB-VCF. For the reasons discussed below, Industrial Supply Co.'s motion to enforce is granted.[1]

**BACKGROUND**

**I.    Mr. Hines and Ms. Carroll's Cases**

Dennis Hines commended his action (2:17-cv-01688) by filing a complaint (ECF No. 1) on June 16, 2017. The "Nature of Suite" code "440 Civil Rights: Other" was applied to the Docket. As a result, although the substance of the suit required assignment of this case to a second Magistrate Judge for an Early Neutral Evaluation Conference ("ENE Conference"), no such assignment was made until Clearwater Paper Corporation filed a motion requesting same. (ECF Nos. 20 and 22).

---

[1] The Court will enter a substantively identical order in 2:17-cv-01688-APG-CWH ruling on Clearwater Paper Corporation's motion to enforce.

1

Before a second Magistrate Judge was assigned for ENE purposes, Mr. Hines had filed an amended complaint. (ECF No. 4). Clearwater Paper Corporation filed a motion to dismiss, which was fully briefed by October 18, 2017. (ECF Nos. 7, 10, and 11). A discovery plan and scheduling order was entered and extended, with the extended discovery cutoff date set for July 2, 2018. (ECF Nos. 18, 28, and 30).

The ENE Conference was scheduled for March 14, 2018. (ECF No. 24). Due to a scheduling conflict, Clearwater Paper Corporation requested a continuance of the conference. (ECF No. 25). After consulting with both sides during a telephonic hearing held in chambers, the ENE Magistrate Judge, Magistrate Judge Ferenbach, continued the conference until April 5, 2018. (ECF No. 26).

In the meantime, Mr. Hines' wife, Connie Carroll, commenced an action in this court against Clearwater Paper Corporation, Industrial Supply Co., and an employee of Industrial Supply Co. (2:18-cv-00204). No returns of service have been filed for Industrial Supply Co. or its employee, Stephanie Kemple. A return of service was filed, reporting that Clearwater Paper Corporation was served on March 26, 2018. (ECF No. 5).

## II. The Early Neutral Evaluation Conference

The ENE Conference in Mr. Hines' case commenced on April 5, 2018 before Magistrate Judge Ferenbach, the undersigned Magistrate Judge. (2:17-cv-01688; ECF No. 32). Mr. Hines was accompanied by his wife, Ms. Carroll. Clearwater Paper Corporation's corporate representative, Carol Hangen, and counsel of record, Dana Salmonson, attended on the defense side. My usual practice at ENE Conferences is to permit family members to attend, even though they are not parties. In my experience, it is usually not productive to exclude a family member that a party wants to include in the settlement process.

Following Court rules, the parties submitted their confidential ENE statements to chambers a week before the conference date. A few days before April 5, 2018, Mr. Hines also delivered to my chambers a letter regarding Ms. Carroll's case. This was problematic, as I was the assigned Magistrate Judge for the

substance of Ms. Carroll's case, and her husband had provided me with an ex parte communication about that case. (*See* 2:17-cv-01688, ECF No. 39 at 2-7).

At the beginning of the ENE Conference, in a separate meeting with Mr. Hines and Ms. Carroll, I explained to them that this was an improper ex parte communication, and I would most likely have to recuse myself from Ms. Carroll's case going forward. I brought this situation up early for two reasons: first, to demonstrate to Mr. Hines and Ms. Carroll the pitfalls of proceeding in federal court without a lawyer; and second, to suggest that they might want to consider widening the scope of this April 5, 2018 settlement discussions to include Ms. Carroll's case, since I was going to have to recuse myself from her case, anyway. I was not sure if it would be possible to have a lawyer from Industrial Supply Co. join us on short notice, but if it was, such a discussion might be fruitful.

As it happened, counsel for Industrial Supply Co., who had been in contact with Ms. Salmonson, was able to join us toward the end of the Conference, and the parties were able to reach an agreement to settle both cases. A copy of the settlement agreement signed by counsel for both Defendants and by Mr. Hines and Ms. Carroll, with the settlement amount redacted, appears at pages 8 and 9 of ECF No. 39 in Case No 2:17-cv-01688.

A minute order was entered in each case reporting that settlements were reached and setting deadlines for dismissal. (2:17-cv-01688, ECF No. 32; 2:18-cv-00204, ECF No. 6). In Mr. Hines' case, June 5, 2018 was set as a deadline for the parties to file a stipulation and order for dismissal. (2:17-cv-01688, ECF No. 32). Ms. Carrol's case was stayed, Ms. Carroll was required to file a notice of dismissal with prejudice upon the settlement's closing, and a status hearing was set for June 11, 2018. (2:18-cv-00204, ECF No. 6).

**III.    Subsequent Procedural History**

The first indication that the settlement might not close as agreed was provided by each Plaintiff filing a "Motion to Stay" on June 4, 2018. (2:17-cv-01688, ECF No. 33; 2:18-cv-00204, ECF No. 7).

These motions are similar to the "Motion to File out of Time for Good Cause" filed on October 19, 2017, in Mr. Hines' case. (2:17-cv-01688, ECF No. 12). Magistrate Judge Hoffman denied the "Motion to File out of Time for Good Cause," noting that there was "no clear purpose or request" provided, with a website address and incomplete citation to a case in the State of Colorado. (ECF No. 14).

While these two Motions to Stay have no clear purpose and do not present cogent arguments based on proper citations to the record or legal authority, there was an indication that (1) Plaintiffs on longer wish to proceed with the settlement as agreed, and (2) Plaintiffs believe that the I acted improperly during the ENE Conference. The motions to stay in both cases were heard during the July 11, 2018 status conference previously scheduled in Ms. Carroll's case. (2:17-cv-01688, ECF No. 38; 2:18-cv-00204, ECF No. 11). Both motions were denied, but briefing schedules were set with regard to the motions to enforce currently before the court. I also answered Mr. Hines' recurring question of why Clearwater Paper Corporation had not filed an answer in his case by referencing the pending motion to dismiss (ECF No. 7) and Federal Rule of Civil Procedure 12.

Since July 11, 2018, Plaintiffs have filed the following documents in these two cases:

1. A Motion of No Confidence (2:17-cv-01688, ECF No. 40);

2. Motion Must be to Alter Judgment Reinstate My 1st Amendment, Must Continue to Subpoena Witnesses and Move to Jury [Trial] Without Defense [Counsel] Interruption Under the 4th, 5th, 6th, 14th Constitution Under Common Law of Due Process (ECF No. 41);[2]

3. Notice Retaliation Toward Clearwater Paper (ECF No. 44);

4. Opposition to Defense Team Motion to Enforce Early Bias Neutral Evaluation Settlement [Coerced] Agreement (ECF No. 45);

5. Motion 56 Discovery Reinstate Answer Line 43[] Response to 41 Motion by Defendant Clearwater Paper Corp. (ECF No. 46);

---

[2] Though the docket treats this as a motion to alter judgment, it is better construed as an opposition to the motion to enforce.

4

6. Must Be to Alter a Judgment Follow the Bill of Rights and Common Law, Due Process to a Jury [Trial], No Defense Counsel Rejecting My Rights (2:18-cv-00204, ECF No. 14); and

7. Notice that Opposition to Line 6 the Defense Continued Motion to Early Non [Neutral] Settlement that was Improperly Managed by the Magistrate Judge Cam Ferenbach (ECF No. 18).[3]

Mr. Hines and Ms. Carroll appear to argue that the agreement they signed should be rescinded because of my misconduct. There are confusing citations to authorities applicable to criminal proceedings, mixed in with items cut and pasted from various sources, including documents filed in this case. In pertinent part, plaintiffs state:

1. "Misunderstanding the judge, the outcome was not justified." (2:17-cv-01688, ECF No. 40 at 2).

2. "I would never give up after what happened to me August 2015. After 5 hours sitting in a court room waited as to burn out would I walk away from Justice and I don't plan to walk away from anything to go through the justice system to prove a point that how a company . . ." (ECF No. 41 at 10; ECF No. 46 at 5).

3. "The judge should not have drug me (Ms. Carroll) into Dennis's mediation because he was assigned to be the judge in my case later on and he was aware of that He (sic) was not assigned to mediate for me for that reason." (2:18-cv-00204, ECF No. 14 at 4).

4. "I was forced to sign. I did not want to settle this case until justice was achieved… The confidence is very low as I already see my constitutional rights have been violated to the point that the Miranda law would proceed to take my rights from being denied and treated as a criminal so my constitutional rights were discriminated by the federal government with no due process." (2:17-cv-01688, ECF Nos. 44 & 45 at 2).

5. "Plaintiff Connie Carroll respectfully declines to sign or accept the Settlement Agreement and Release for the reasons stated in my Motion to Stay request filed on June 13, 2018." (2:18-cv-00204, ECF No. 18 at 2).

---

[3] Due to the somewhat confusing titles of Mr. Hines and Ms. Carroll's filings, it is difficult to determine the correct deadline for the parties to respond or reply to each document. It appears that the time to brief all pending motions has passed. See LR 7-2(b).

**ANALYSIS**

"A settlement is a contract, and its enforceability is governed by familiar principles of contract law." *Knudsen v. C.I.R.*, 793 F.3d 1030, 1035 (9th Cir. 2015). "[T]he district court may enforce only *complete* settlement agreements." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "There [is] no need for the court to engage in factual inquiries to determine whether [the parties] agreed to be bound by the terms of the agreement" when the parties assent to the terms of the agreement on the Court's record. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002).

The parties reached a complete settlement agreement in these two cases. Mr. Hines and Ms. Carroll were presented with a written copy of the agreement containing all of its essential terms. Mr. Hines and Ms. Carroll, after being given a chance to deliberate and reach their own conclusions regarding the case, both signed the agreement.

Based on the accusations raised by Mr. Hines and Ms. Carroll, I find it necessary to discuss my ENE Conference methods. During all ENE conferences, including this one, I do my best to provide both sides with a thorough analysis of the issues raised and the likely outcome of those issues. These cases are emotional, and feelings can run high on both sides. At the end of the process, each party has to look at the final offer or offers on the table and compare the certainty of settlement, on agreed terms, with the multiple uncertainties faced if the litigation proceeds. I explained, in detail, to Mr. Hines and Ms. Carroll why I thought Defendants' final offer to globally settle the two cases for the combined offered amount was a good deal for them. I also made it clear throughout the day that the decision to settle was theirs alone. They reviewed the agreement out of my presence and decided to sign it. Defendants negotiated in good faith and also signed the agreement. It is a binding agreement.

Allegations by Mr. Hines and Ms. Carroll that I mismanaged the ENE Conference do not change the fact that they participated in the conference, agreed to the settlement terms, and signed a written agreement memorializing those terms. Though fraud and duress may provide grounds to revoke a

settlement agreement, Jeff D. v. Andrus, 899 F.2d 753, 763 (9th Cir. 1989), there was neither in this case. I provided my evaluation of the cases based on my review of the ENE statements, the parties' positions throughout the day, and my experience as an attorney and Magistrate Judge. While I did tell Mr. Hines and Ms. Carroll that settling the cases would likely be in their best interests, considering the merits of the cases and Mr. Hines and Ms. Carroll's ignorance of the Rules of Federal Procedure and Local Rules, the final decision to settle the case was made by Mr. Hines and Ms. Carroll. The agreement must be enforced.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Industrial Supply Co.'s Motion to Enforce Early Neutral Evaluation Settlement Agreement, ECF No. 13 in 2:18-cv-00204-RFB-VCF, is hereby GRANTED.

IT IS FURTHER ORDERED that a status conference is hereby set for August 2, 2018 at 11:00 am in Courtroom 3D. The hearing will be vacated if a stipulated dismissal or timely objection to this Order is filed.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to reports and recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (See LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

//

//

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

DATED this 11th day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE