**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CONNIE L. CARROLL,

          Plaintiff,

    v.

INDUSTRIAL SUPPLY CO. *et al.*,

          Defendants.

Case No. 2:18-cv-00204-RFB-VCF

**<u>ORDER</u>**

      This case is before the Court on Plaintiff's Objection to the Magistrate Judge's Order [ECF No. 19] granting the Defendant's Motion to Enforce [ECF No. 13]. The Court has reviewed the record in this case and finds that the Magistrate Judge did not err in granting the Motion to Enforce. The Plaintiff's Objection is therefore denied.

    **I.**    **Legal Standard**

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. <u>Id.</u> § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

      It is well settled that a judge or magistrate's participation in a settlement conference does not generally create the appearance of partiality or otherwise justify recusal. <u>See</u> <u>S.E.C. v. Sunwest Mgmt., Inc.</u>, No. CIV. 09-6056-HO, 2009 U.S. Dist. LEXIS 33463, 2009 WL 1065053, at *2 (D. Or. Apr. 20, 2009), <u>aff'd</u> <u>sub</u> <u>nom.</u> S.E.C. v. ING USA Annuity & Life Ins. Co., 360 F. App'x 826 (9th Cir. 2009) ("judge's knowledge of facts gained from participating as a mediator in a settlement proceeding is not 'extrajudicial'").

"A settlement is a contract, and its enforceability is governed by familiar principles of contract law." Knudsen v. C.I.R., 793 F.2d 1030, 1035 (9th Cir. 2015). "[T]he district court may enforce only complete settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). "There [is] no need for the court to engage in factual inquiries to determine whether [the parties] agreed to be bound by the terms of the agreement" when the parties assent to the terms of the agreement on the Court's record. Doi v. Halekulani Corp., 276 F.3d 1131, 1137-38 (9th Cir. 2002).

## II.    Discussion

The Court has conducted a *de novo* review of the record in this case and finds that that the Magistrate Judge did not err when he granted the Motion to Enforce. The Court adopts without objection the recitation of facts and sequence of procedures enumerated in the Magistrate Judge's order of June 5, 2018 [ECF No. 9].

Plaintiff argues that the settlement should not be enforced because, she was not initially scheduled to be a participant of the settlement conversations that led to the settlement agreement on April 5, 2018. She argues that as she was not scheduled to be a participant and as no pre-conference statement was offered, the agreement reached by the parties should be declared unenforceable and void. Plaintiff further asserts that the Magistrate Judge should not have participated in a mediation involving this case, since he was scheduled to participate in the mediation of a related case no. 2:17-cv-1688-APG-VCF.

The Court finds Plaintiff's arguments unpersuasive. First, Plaintiff does not assert or provide a basis for this Court to find that the settlement agreement was not reached based upon the mutual consent and consideration of the parties involved with the agreement. While Plaintiff has subsequently identified her concerns with the mediation process, she does not argue that she did not knowingly and voluntarily agree to the terms of the contract. She has not explained how the addition of her case to the mediation discussions prevented her from being able to enter into a valid contract.

Second, Plaintiff has not explained how the absence of a pre-mediation statement by the parties to her case prevented them from validly entering into a contract. While the Local Rules

establish general procedures for the sequential progression of civil cases. Judges have the authority to deviate from these general procedures as necessary and consistent with their ethical obligations. See LR IA 1-4. Plaintiff had the opportunity to assent to the terms of the agreement or reject them. She agreed to the terms of the settlement after having an opportunity to consider them.

Third, the Court finds that the Magistrate Judge was not required to recuse himself from the proceedings. His cautionary statement about recusal did not establish that recusal was necessary or warranted for purposes of reaching a global resolution of the two related cases. The Court does not find that recusal was necessary, appropriate or required as to the mediation of the two related cases.

Finally, the Court finds based upon the record that Plaintiff entered into a valid contract or agreement to resolve this case. Any potential 'regrets' that she may have about having entered into the agreement or its terms do not negate the fact that she voluntarily and knowingly entered into a valid settlement agreement.

Accordingly,

**IT IS ORDERED** that the Order [ECF No. 19] granting the Motion to Enforce [ECF No. 13] is affirmed. The Court finds the settlement agreement reached by the parties to be an enforceable contract.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment for the Defendant in this case. The Clerk of Court is instructed to close this case.

DATED: August 30, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**